UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>FRANCISCO JAVIER FRANCO-PERALTA (01),<br>STEVEN DEAN ANTHONY (02),<br>SHARRON RENE ARNOLD (03),<br>JUSTIN DUANE BAKER (04),<br>CHRISTOPHER BOISSE (05),<br>JUAN CARLOS BONILLA (06),<br>DONALD PAUL BREWER (07),<br>TAMMY LOUISE CRAWFORD (08),<br>STEWART ALBERT ELIZARDO (10),<br>MICHAEL ALLEN GIBBS (11),<br>FELIX GUILLEN (12),<br>ALLEC SHANIA HAMM (13),<br>MICHAEL WAYNE HOUGH (15),<br>MASON SCOTT MCCORMICK (17),<br>JOSEPH FLOYD MITCHELL (18),<br>ANGELINA LUNA PERALTA (19),<br>NOEL RANGEL BARCO (20),<br>AMIE DAWN SANMIGUEL (21),<br>DARRYL ALAN SIMS (22),<br>JAMES KEITH SMITH (23),<br>RIKKI LEE THOMPSON (24),<br>ANTONIO VALLE (25),<br>    Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | CRIMINAL ACTION NO:<br>3:19-CR-630-B |

## SECOND AMENDED PRETRIAL ORDER

The Court finds that in the interest of justice, this case shall be tried together with all co-defendants, pursuant to 18 U.S.C. § 3161(h)(6), and therefore, the reasonable period of delay resulting from resetting the deadlines and hearings in this case based on the appearance of the newly-apprehended defendants shall be excluded in computing the time within which the trial of

1

this cause must commence under 18 U.S.C. § 3161 as to the defendants who were previously set for trial on this Court's Amended Pretrial Order (doc. 127). Accordingly, the pretrial deadlines and hearings in this case are reset as follows:

1. This case is **set for trial** on **May 26, 2020 at 9:00 AM.** Counsel and the parties shall be ready for trial on that date. Any potential scheduling conflicts must be called to the attention of the Court **in writing** within ten (10) days of the date of this order.

2. The parties shall comply with FED. R. CRIM. P. 16.1(a) within 14 days of the arraignment and request court action, pursuant to FED. R. CRIM. P. 16.1(b), if necessary, after the discovery conference.

3. By **March 30, 2020**, the government shall, in accordance with *Brady v. Maryland*, 373 U.S. 83 (1963), provide the defendant with all of the **exculpatory evidence** it possesses concerning the defendant.

4. The government shall provide the defendant with all **Jencks Act material** (18 U.S.C. § 3500) on the day prior to the testimony of the witness to whom such material relates.

5. By **April 16, 2020**, all **pretrial motions** shall be filed, and they must comply with **Local Criminal Rule 47.1**. *See* N.D. TexCrim. R 47.1. Discovery motions and motions for a bill of particulars will be denied in their entirety unless they are limited to the specific matters actually in dispute, **after conference with opposing counsel**, as required by Local Criminal Rule 47.1(a).

6. By **April 30, 2020**, the **government's response** to the pretrial motions shall be filed, and **any reply** by the defendant shall be filed by **May 7, 2020**.

7. By **May 11, 2020**, all **pretrial materials** shall be filed. Specifically, by this date:

   a. <u>A list of witnesses</u> shall be filed by each party, which:
   divides the persons listed into groups of "**probable witnesses,**"

"**possible witnesses**," "**experts**" and "**record custodians;**" states the **name and address** of each witness; and contains a brief **narrative summary** of the testimony to be covered by each witness. (Modification of Local Criminal Rule 16.1(b)).

b. **A list of exhibits** to be offered at trial shall be filed by each party. In addition, each party shall **number the listed exhibits** with gummed labels (which the parties must provide themselves); shall **exchange a complete set** of marked exhibits with opposing counsel; and shall **deliver to the Court's chambers one hard copy and one digital copy of the marked exhibits** (except large or voluminous items that cannot be easily reproduced). (Modification of Local Criminal Rule 16.1(a)).

c. On the day the case is set for trial, additional copies of the **list of witnesses** and **list of exhibits** (as required by Local Criminal Rules 16.1(a) and (b)) shall be **delivered** to the court reporter by each party.

d. **Requested jury instructions (annotated)**, [1] any **motions in limine** (which must be limited to matters actually in dispute), and any **proposed voir dire questions** which the Court is requested to ask during its examination of the jury panel shall be filed by each party. (Modification of Local Criminal Rule 30.1).

e. **A written statement** covering these matters shall be filed by each party: (i) the estimated **length of trial**; (ii) the status of any **plea bargaining** negotiations; (iii) any **scheduling problems** which the attorneys, parties or witnesses have during the trial docket; and (iv) **any additional matters** which would aid the disposition of this case.

f. **Trial briefs, if any**, shall be filed. In the absence of a specific order, trial briefs are not required but are welcomed. They

---

[1] "Annotated" means that **each** proposed instruction shall be accompanied by citation to statutory or case authority and/or pattern instructions. It is not sufficient to submit a proposed instruction without citation to supporting authority. Because Fifth Circuit and Supreme Court cases are the only precedent binding on this court, the parties should – to the extent possible – rely on these sources (and/or Fifth Circuit pattern instructions) in proposing jury instructions.

>should concentrate on Fifth Circuit and Supreme Court authority
>on the issues the parties anticipate will arise at trial.

**NOTE**: Deadlines set in this order are dates for **filing** or **delivery** of pretrial materials, **not mailing** dates.

8. A **final pretrial conference** in this case is set for **May 22, 2020 at 10:00 AM**. All pretrial motions not previously decided will be resolved at that time, and procedures for trial will be discussed. The defendant shall be present.

9. **SANCTIONS will be imposed if these pretrial requirements are not met.** If the **government** does not timely file the pretrial materials, the case will be dismissed. Any **defendant** who does not timely file the required pretrial materials will not be permitted to present witnesses or exhibits at trial. **Failure to list a witness or an exhibit** shall be grounds for exclusion of that testimony or exhibit. This does not apply to exhibits or testimony offered for **impeachment**, and the use of unlisted exhibits or witnesses for **rebuttal** shall be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

10. In **multi-defendant cases**, any motions to continue the pretrial deadlines and/or trial setting must include a certificate of conference with the government and the attorneys for all co-defendants with whom the moving defendant is set for trial.

11. Questions about this scheduling order or about any other matters related to this case should be directed to Judge Boyle's courtroom deputy by calling **(214) 753-2740** and then pressing the option for "criminal cases." If, the phone goes to voice-mail, please leave a message that includes the case name and number, as well as your name and number and that of opposing counsel. Alternatively, you can e-mail the Court regarding your case at **Boyle_Criminal@txnd.uscourts.gov**. If you choose to e-mail the Court, include the case name

and number, as well as your name and number. *You must copy opposing counsel* on your e-mail to the Court. If you do not copy opposing counsel, you will not receive a response to your e-mail.

**SO ORDERED**.

Signed this March 18, 2020.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE